**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nellie Boone,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, *et al.*,<br><br>　　　　　Defendants. | No. CV-21-01708-PHX-JJT<br><br>**ORDER** |

At issue is Defendant City of Phoenix's Motion for Partial Dismissal (Doc. 5, MTD), to which Plaintiff Nellie Boone, aka Nellie Anderson, filed a Response (Doc. 6, Resp.), and Defendant filed a Reply (Doc. 7, Reply). The Court resolves the Motion without oral argument. LRCiv 7.2(f).

**I.     BACKGROUND**

According to the Complaint (Doc. 1-3, Compl.), Plaintiff has been employed as a dispatcher by Defendant since 2006. She alleges that Defendant discriminated against her between the years 2017 and 2019 on the basis of age, sex, race, disability, and for taking leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA). Although she alleges filing internal complaints of discrimination, she references only one Charge of Discrimination filed with the Arizona Attorney General's Office, Civil Rights Division, and the Equal Employment Opportunity Commission, dated November 9, 2020. (MTD Ex. A, EEOC Charge). Among her allegations in the Complaint, Plaintiff states the EEOC

Charge and Right to Sue Letter are attached to the Complaint as Exhibit A, but they are not. (*E.g.* Compl. ¶ 108.)

Plaintiff raises nine counts against Defendant, under: (1) the Age Discrimination in Employment Act, 29 U.S.C. § 621 (ADEA); (2) the Arizona Employment Protection Act, A.R.S. § 23-1501 (AEPA) for age discrimination; (3) AEPA, for disability discrimination; (4) the Americans with Disabilities Act (ADA)—no statutory provision identified—for disability discrimination; (5) AEPA, for race discrimination; (6) the FMLA—no statutory provision identified—for discrimination; (7) unidentified legal authority, for "harassment"; (8) unidentified legal authority, for "retaliation"; and (9) "state law wage claims." (Compl. ¶¶ 87–132.) Under Federal Rule of Civil Procedure 12(b)(6), Defendant now moves to dismiss Counts 2 through 5 and 7 through 9, as well as portions of Count 1 to the extent it relies on allegations beyond those provided in the EEOC Charge.

## II.   LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III.    ANALYSIS**

As Defendant points out, the Complaint has myriad defects, many of which are fatal to the claims it attempts to raise. To begin with, in the Response to Defendant's Motion to Dismiss, Plaintiff concedes that Counts 2, 3, 5, and 9 must be dismissed because Plaintiff did not send a Notice of Claim to Defendant as required by Arizona law. (Resp. at 1–2.) Accordingly, the Court will dismiss those claims with prejudice.

The Court will also dismiss Counts 7 and 8 for failing to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). Specifically, Plaintiff—who is represented by counsel—provides no legal basis for Counts 7 and 8, and neither Defendant nor the Court can discern under what legal theory or authority Plaintiff is bringing those claims. Because Plaintiff brings the majority of the other claims in the Complaint under Arizona state law, the Court might assume Counts 7 and 8 are state law claims as well. In that instance, those claims, like Counts 2, 3, 5, and 9, would be barred by Plaintiff's failure to send a Notice of Claim to Defendant. In any event, because Counts 7 and 8 do not satisfy the mandate in Rule 8(a)(2) that Plaintiff provide "a short and plain statement of the claim showing the pleader is entitled to relief," the Court will dismiss those claims. *See Gottschalk v. City & Cnty. of S.F.*, 964 F. Supp. 2d 1147, 1156–57 (N.D. Cal. 2013) (dismissing claims for the plaintiff's failure to articulate their legal basis).

With regard to Count 4—a claim for "ADA disability discrimination"[1]—Defendant argues that Plaintiff failed to exhaust her administrative remedies by failing to bring that claim in her EEOC Charge, and the Court agrees. Filing a timely Charge of Discrimination with the EEOC or a state or local agency that regulates unlawful employment practices is

---

[1] Plaintiff also neglected to identify the statutory sections underpinning Counts 4 and 6, identifying those claims only by their acronyms, ADA and FMLA.

a mandatory prerequisite to maintaining an ADA action for employment discrimination.[2] *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (overruled on other grounds); *Zimmerman v. State of Or. Dep't of Justice*, 983 F. Supp. 1327, 1328 (D. Or. 1997). Allegations of incidents of discrimination in the complaint that were not included in an EEOC charge may not be considered by the Court unless they are "like or reasonably related" to the allegations in the EEOC charge. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002); *Green v. L.A. Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989). The exhaustion requirement serves the purpose of "plac[ing] the employer on notice of an impending suit that he can try to head off by negotiating with the complainant, utilizing the conciliation services offered by the EEOC." *E.E.O.C. v. Fry's Elecs., Inc.*, 770 F. Supp. 2d 1168, 1170 (W.D. Wash. 2011) (internal citation omitted).

In the November 9, 2020 EEOC Charge, which both Defendant and Plaintiff attached to their briefs,[3] Plaintiff states that, in May and June 2020, she "was denied a promotion and retaliated against because of my race, black, and age 49 years old." (Doc. 5-1.) Plaintiff did not mention a disability or an act of discrimination based thereon. The Court cannot find that Plaintiff's current claim of discrimination in violation of the ADA is "like or reasonably related" to her statements in the EEOC Charge. For this reason, the Court must dismiss Count 4.

Remaining to be examined is Count 1, for age discrimination under the ADEA. The Complaint contains a number of allegations going to Plaintiff's ADEA claim that are not

---

[2] The same requirement applies to claims brought under the ADEA or Title VII, 42 U.S.C. § 2000e *et seq.* However, the FMLA—under which Plaintiff brings Count 6—does not require an employee to exhaust administrative remedies before bringing the claim in federal court.

[3] On a Rule 12(b)(6) Motion to Dismiss, the Court considers only the complaint (including attached documents) and documents referred to in the complaint that are central to the plaintiff's claim and the authenticity of which is not questioned. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). The Court thus considers the EEOC Charge as part of, and at minimum central to, the Complaint, noting that Plaintiff intended to include it in the Complaint in the first place. The Court had no basis to, and did not, consider the Declarations attached to the parties' briefs in resolving Defendant's Motion to Dismiss.

listed in the EEOC Charge and not sufficiently related to Plaintiff's allegations in the EEOC Charge such that the Court can find Plaintiff exhausted her administrative remedies as to the unlisted allegations. For example, Plaintiff alleges in the Complaint that in 2019, she was denied a promotion to the Fire Department and told she failed an eye test after she had been told she passed it. (Compl. ¶ 14.) Plaintiff may not base her ADEA claim on that or other discrete incidents not listed in or reasonably related to the discrete incident alleged in the November 9, 2020 EEOC Charge—the only EEOC Charge Plaintiff provided as a basis for this lawsuit. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 (2002) (differentiating discrete discriminatory or retaliatory acts from a series of events that together may constitute an unlawful employment practice).

Finally, Defendant also asks the Court to strike paragraphs 53 to 62 of the Complaint under Federal Rule of Civil Procedure 12(f), because they have to do with Defendant's protocols for COVID-19 precautions and not with Plaintiff's claims. Those allegations would go to a claim by Plaintiff that she was discriminated against due to her union affiliation if she was able to bring such a claim, but she failed to exhaust administrative remedies for a claim related to those allegations. Because the Court is dismissing the related claim (to the extent Plaintiff brought it in the first place), Defendant's request to strike the allegations is moot.

### IV.   CONCLUSIONS

The Court dismisses Counts 2, 3, 5, and 9 for failure to send a Notice of Claim to Defendant as required by Arizona law. The Court dismisses Counts 7 and 8 for failure to meet the Rule 8 pleading requirements. And the Court dismisses Count 4 for failure to exhaust administrative remedies.

Two claims remain. Count 1, for age discrimination under the ADEA, survives but is limited to the incident of discrimination for which Plaintiff has exhausted her administrative remedies, namely, in May and June 2020, she was denied a promotion in part based on her age. And Count 6 survives, in which Plaintiff claims Defendant took adverse employment actions against her after she took FMLA leave.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Partial Dismissal (Doc. 5). Counts 2, 3, 4, 5, 7, 8, and 9 are dismissed. Two claims remain: Count 1, as limited by this Order, and Count 6.

Dated this 24th day of May, 2022.

Honorable John J. Tuchi
United States District Judge