**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nellie Boone, | No. CV-21-01708-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Nellie Boone's Motion to File First Amended Complaint for Damages (Doc. 20, Mot.), to which Defendant City of Phoenix filed a Response (Doc. 21, Resp.) and Plaintiff filed a Reply (Doc. 22, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's Motion.

**I.    BACKGROUND**

The Court has already laid out the factual background of this case in its prior Order dated May 25, 2022 (Doc. 11, Order), and finds it unnecessary to do so again here. In relevant part, Plaintiff originally raised nine counts against Defendant. (Doc. 1-3, Compl.) Those claims were: (1) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 (ADEA); (2) age discrimination under the Arizona Employment Protection Act, A.R.S. § 23-1501 (AEPA); (3) disability discrimination under the AEPA; (4) disability discrimination under the Americans with Disabilities Act (ADA) (no statutory provision identified); (5) race discrimination under the AEPA; (6) Family and Medical Leave Act

(FMLA) discrimination; (7) harassment; (8) retaliation; and (9) "state law wage claims." (Compl. ¶¶ 87–132.) In its Order, the Court dismissed Counts 2, 3, 5, and 9 for failure to send a Notice of Claim to Defendant, Counts 7 and 8 for failing to provide a cognizable legal theory, and Count 4 for failure to exhaust administrative remedies. (Order at 5.) Remaining were Counts 1 and 6, with Count 1 "limited to the incident of discrimination for which Plaintiff has exhausted her administrative remedies." (Order at 5.)

Plaintiff now seeks to amend her Complaint. On August 9, 2022, Plaintiff filed her proposed First Amended Complaint, raising the following claims: (1) age discrimination under the ADEA as raised in the original Complaint; (2) Title VII race discrimination; (3) FMLA discrimination, formerly Plaintiff's sixth count; (4) harassment on account of race, age, and the FMLA; and (5) retaliation on account of race, age, and the FMLA. (Doc. 20-1, Proposed FAC). Defendant argues that Plaintiff's "First Amended Complaint is futile because it contains claims and allegations from her original Complaint that were dismissed." (Resp. at 4.) Plaintiff replies that the Proposed FAC is distinct from the original Complaint because the new claims are based in federal law, not state law. (Reply at 2.[1])

## II.     LEGAL STANDARD

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, *inter alia*, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

---

[1] Plaintiff's Reply is not numbered, so the Court refers to page numbers counted from the first page of the Reply.

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

"A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.   ANALYSIS

Defendant does not argue that Plaintiff's proposed amendments would cause prejudice or undue delay or that they are sought in bad faith. Its only argument is that the addition of Plaintiff's new counts would be futile. The Court will consider each count in turn to address the parties' specific arguments, except Count 3, which is not in dispute.

####   A.   Count 1: Age Discrimination under the ADEA

This Court previously limited Plaintiff's ADEA age discrimination claim (Count 1) to the incident of discrimination alleged in Plaintiff's EEOC Charge. (Order at 5.) The EEOC Charge, dated November 9, 2020, alleged that Plaintiff was denied a promotion for which she was qualified because of her race, age, and in retaliation for filing previous civil rights claims. (Doc. 5-1, EEOC Charge.) In Plaintiff's original Complaint, the Court took notice of numerous allegations that were neither listed in the EEOC Charge nor related to

the Charge. (Order at 5.) Virtually all the factual allegations in Plaintiff's Proposed FAC remain the same from her original Complaint, except for one modification and two omissions. (*See* Proposed FAC ¶¶ 12–86 (modifying ¶ 49 and omitting ¶¶ 79, 83).) Defendant argues that Count 1 should be dismissed because "Plaintiff should not be permitted leave to file her proposed FAC with the same allegations that this Court previously held could not provide the basis for her ADEA claim." (Resp. at 4.) Count 1, according to Defendant, is futile. (Resp. at 4.) The Court disagrees.

In finding that there were a number of allegations unrelated to the EEOC Charge (Order at 5), the Court did *not* hold that there were *no* allegations related to the EEOC Charge. Defendant argues that Count 1 is futile because Plaintiff alleges the same unrelated facts as it did in the original Complaint, but this is not an appropriate basis to dismiss a claim. In the Ninth Circuit, "[a] proposed amended complaint is futile if it would be immediately subject to dismissal." *Nordyke*, 644 F.3d at 788 n.12 (quotations and citations omitted). The Court did not dismiss Count 1 in its prior Order, and Defendant provides no valid basis to dismiss it now. Therefore, Count 1 remains.

**B.     Count 2: Race Discrimination under Title VII**

To bring a Title VII lawsuit, a plaintiff must first exhaust any administrative remedy available under 42 U.S.C. § 2000e-5 by filing a charge with the EEOC. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Additionally, the EEOC must issue a right-to-sue letter. *Id*. The Court has jurisdiction over any Title VII allegations that either "fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002) (emphasis in original). A court interprets the plaintiff's EEOC charge liberally. *Id*. Thus, the complaint can "encompass any discrimination like or reasonably related" to the plaintiff's allegations in an EEOC charge. *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). A claim is like or reasonably related to allegations in the charge of discrimination to the extent that those claims are consistent with the plaintiff's original theory of the case. *B.K.B.*,

276 F.3d at 1100. Thus, *"*[i]t is sufficient that the EEOC be apprised, in general terms, of the alleged discriminatory parties and the alleged discriminatory acts." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990).

Here, Plaintiff raises a new claim of race discrimination under Title VII. Defendant argues that Plaintiff failed to exhaust her Title VII claim in her EEOC charge and is therefore barred from raising it now. (Resp. at 5.) According to Defendant, Plaintiff "relies on the same factual allegations [as Count 1] . . . that the Court determined were impermissible bases for Plaintiff's claims." (Resp. at 5.) In echoing the same argument made for Count 1, Defendant contends that Count 2 is futile. (Resp. at 5.) Plaintiff argues that the EEOC Charge does allege a Title VII claim, making it sufficiently exhausted. (Reply at 2.) The Court agrees with Plaintiff.

First, the EEOC Charge clearly demonstrates a Title VII allegation, wherein Plaintiff alleged that she was subject to discrimination based on race and age in violation of Title VII when she was denied a promotion. (Doc. 5-1.) Further, Plaintiff alleged that the applicants for the position "were Caucasian," while Plaintiff is black. (Doc. 5-1.) The EEOC was on notice of Plaintiff's race discrimination claim under Title VII. Therefore, her claim is considered exhausted, and Plaintiff is not precluded from bringing the same claim here.

Second, Defendant's argument that Plaintiff should be precluded from adding a Title VII claim because it "relies on the same factual allegations . . . that the Court determined were impermissible bases" is unpersuasive. (Resp. at 5.) As explained above, the Court did not hold that the basis for Plaintiff's Count 1 was impermissible. Instead, the Court merely found that there were unrelated allegations upon which the claim could not be based. (Order at 5.) Plaintiff's Title VII claim (Count 2) is based on the same incident, which is a denial of promotion on the basis of race and age. Since Defendant provides no proper argument for dismissal, Count 2 is not futile and must remain.

### C. Counts 4 and 5: Harassment and Retaliation Based on Race, Age and the FMLA

Plaintiff realleges Counts 7 and 8 from the original Complaint, renumbered as Counts 4 and 5 in the Proposed FAC. (*See* Proposed FAC ¶¶ 121–29.) There are minor changes including the omission of "disability" in Count 4 (Proposed FAC ¶¶ 122, 124), and the omission of "DOES 1 through 50" and "each of them" in Count 5 (Proposed FAC ¶ 127). In Count 4, Plaintiff alleges that Defendant harassed her on the account of race, age, and the FMLA. (Proposed FAC ¶ 124.) In Count 5, Plaintiff alleges that Defendant retaliated against Plaintiff for engaging in "protected activities," also based on race, age, and the FMLA. (Proposed FAC ¶ 129.)

Defendant argues that Counts 4 and 5 fail for the same reason that Counts 7 and 8 in Plaintiff's original Complaint did—the failure to provide a sufficient legal basis and to state a claim upon which relief can be granted. (Resp. at 5.) Since the counts are subject to dismissal under Rule 12(b)(6), they are futile. (Resp. at 5.) Plaintiff's sole argument is that Counts 4 and 5 should survive because the previous claims were raised under state law while the amended claims are raised under federal law. (Reply at 4.) The Court disagrees with Plaintiff.

A dismissal for failure to state a claim can be based on the lack of a cognizable legal theory. *Balistreri*, 901 F.2d at 699. Here, Plaintiff fails to identify any legal theory for her harassment and retaliation claims.[2] The Court previously held that the same claims in Plaintiff's original Complaint had no discernible legal basis, and therefore "[did] not satisfy the mandate in Rule 8(a)(2) that Plaintiff provide 'a short and plain statement of the claim showing the pleader is entitled to relief.'" (Order at 3.) Rather than taking this Court's directive and alleging her harassment and retaliation claims under a legal theory, Plaintiff submits her Proposed FAC by only omitting the words "disability," "DOES 1 through 50," and "each of them." (Proposed FAC ¶¶ 122, 124, 127.) The fact that Plaintiff now raises

---

[2] To the extent Plaintiff attempts to raise an FMLA claim, she already raised it in Count 3. To the extent Plaintiff implies a Title VII claim, she failed to exhaust administrative remedies for these additional bases.

- 6 -

her *other* amended claims under federal law does not cure the legal deficiency of Counts 4 and 5. Because the Court has already dismissed these counts once for the same reason, the Court finds the addition of Counts 4 and 5 would be futile.

### D.     Request to Strike

Lastly, Defendant requests that certain allegations in the Proposed FAC be stricken. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike may be granted if "it is clear that the subject matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Defendant argues that Plaintiff's allegations related to Defendant's COVID-19 protocols were already deemed moot by this Court, so those allegations should be stricken. (Resp. at 6.) Defendant refers to paragraphs 53 through 62 of the Proposed FAC, which remain unchanged from Plaintiff's original Complaint. (Resp. at 6.) Previously, this Court found the request to strike these same paragraphs moot because they would relate to a claim that was dismissed for failure to exhaust administrative remedies. (Order at 5.) Plaintiff replies that these "allegations . . . occurring before the age cutoff date . . . or other allegations regarding union activities . . . relate to the harassment, retaliation and generally, a hostile work environment." (Reply at 4.) Plaintiff argues that "there is no reason to not include them just because Defendant asserts they can only apply to dismissed or irrelevant claims." (Reply at 4.) The Court disagrees with Plaintiff.

Even if paragraphs 53 through 62 might provide context for a hostile work environment, they nonetheless are unrelated to Plaintiff's remaining claims (Counts 1–3). Plaintiff alleges that Defendant discriminated against her under the ADEA (Count 1) (Proposed FAC ¶ 90(a–b)), Title VII (Count 2) (Proposed FAC ¶ 98), and the FMLA

(Count 3) (Proposed FAC ¶ 103). Nothing in paragraphs 53 through 62 relate to discrimination against Plaintiff based on her age, race, or FMLA leave. The Court finds these paragraphs to be immaterial and impertinent to those remaining claims under Rule 12(f). Therefore, paragraphs 53 through 62 shall be stricken.

## IV.   CONCLUSION

The Court grants Plaintiff's Motion to Amend Counts 1 and 2. The Court denies Plaintiff's Motion to Amend Counts 4 and 5 for failure to state a legally cognizable theory as required by Rule 8(a). The Court grants Defendant's request to strike paragraphs 53 through 62 pursuant to Rule 12(f).

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to File First Amended Complaint for Damages (Doc. 20), as set forth above.

**IT IS FURTHER ORDERED** granting Defendant's request to strike paragraphs 53 through 62 of Plaintiff's First Amended Complaint (Doc. 21).

**IT IS FURTHER ORDERED** that, by **November 21, 2022**, Plaintiff shall file her First Amended Complaint pursuant to this Order and the Court's prior Order dated May 25, 2022. Specifically, prior to filing the First Amended Complaint, Plaintiff shall delete Counts 4 and 5 and paragraphs 53 through 62 from the Proposed First Amended Complaint (Doc. 20-1). No further amendments may be made absent leave of court.

**IT IS FURTHER ORDERED** that Defendant shall file an Answer to the First Amended Complaint (once it is filed by Plaintiff) within the time set forth in the Federal Rules of Civil Procedure.

Dated this 15th day of November, 2022.

Honorable John J. Tuchi
United States District Judge