WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nellie Boone, | No. CV-21-01708-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue are Defendant City of Phoenix's Motion for Summary Judgment (Doc. 39, MSJ), to which Plaintiff Nellie Boone aka Nellie Anderson filed a Response (Doc. 45, Resp.) and Defendant filed a Reply (Doc. 50, Reply); and Defendant's Objections and Motion to Strike Plaintiff's Statement of Facts and Exhibits Filed in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 49, Mot.), to which Plaintiff did not respond. The Court finds these matters appropriate for resolution without oral argument. LRCiv 7.2(f).

**I.    DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE**

As a threshold matter, the Court resolves Defendant's objections to the purported evidence Plaintiff submitted in opposition to Defendant's summary judgment motion. There are numerous problems with Plaintiff's Response to Defendant's Statement of Facts (Doc. 46). To begin with, Plaintiff's responsive Statement of Facts is 14 pages in length. In the Scheduling Order, the Court stated: "Any party filing a motion for summary judgment . . . or response thereto, shall not file a statement of facts or controverting

1 statement of facts exceeding 10 pages in length." (Doc. 16 at 5.) Plaintiff neither complied with this requirement nor requested leave to exceed it.[1] Additionally, Plaintiff refers to Exhibits by letter in her responsive Statement of Facts—for example, Plaintiff's Statement of Facts number 9 refers to Exhibit B (Doc. 46, Pl.'s Statement of Facts (PSOF) at 12 ¶ 9)—but none of the exhibits Plaintiff submitted are labeled.

Second, as Defendant points out, the first attachment to Plaintiff's Statement of Facts is titled "Declaration of Plaintiff Nellie Boone," but it is not a sworn declaration, that is, it contains no language that Plaintiff declares or affirms that the statements made in it are true and it is not even signed by Plaintiff. (Mot. at 1–4.) Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to . . . oppose a motion [for summary judgment] must be made on personal knowledge, set out facts *that would be admissible in evidence*, and show that the affiant or declarant is competent to testify on the matters stated." (Emphasis added.) Federal Rule of Evidence 603 provides that any testifying witness "must give an oath or affirmation to testify truthfully." *See also* 28 U.S.C. § 1746 (providing requirements for making a declaration under penalty of perjury). Thus, "[t]o be admissible, the testimony must be sworn." *Shuffle Master, Inc. v. MP Games LLC*, 553 F. Supp. 2d 1202, 1210 (D. Nev. 2008). "It clearly follows, and is well established, that an unsworn [declaration] is inadmissible." *Id.*; *see also Young v. Allstate Co.*, 662 F. Supp. 3d 1066, 1073 (C.D. Cal. 2023) (disregarding unsworn declarations and stating "the penalty of perjury requirement for declarations is more than a mere formality—it goes to the very ability of the Court to consider testimony by declarants who do not stand in person before the Court"); *Epis, Inc. v. Fidelity & Guaranty Life Ins. Co.*, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001) (striking declarations in part because they are unsworn).

---

[1] This is not the first time Plaintiff has failed to follow the applicable Rules and associated Court Orders in this case. In April 2023, the Court entered a monetary sanction against Plaintiff for providing inadequate discovery responses to Defendant and for failing to follow the Court's Scheduling Order. (Doc. 31.) Prior to that, the Court denied Plaintiff's first Motion to File First Amended Complaint because it did not even attempt to show that the proposed amendment was justified under Federal Rule of Civil Procedure 15(a)(2) and did not comply with Local Rule 15.1(a). (Doc. 18.)

Plaintiff presents the "Declaration" in inadmissible form. In an instance such as this, Federal Rule of Civil Procedure 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion [for summary judgment]; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Here, Plaintiff had the opportunity to correct the defects in the "Declaration," because Defendant filed a motion to strike it, and Plaintiff could have responded but did not. Indeed, Local Rule 7.2(i) provides that if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Because it is inadmissible and unreliable and Plaintiff made no effort to correct it, the Court will not consider the "Declaration" as evidence in resolving Defendant's summary judgment motion and will consider Defendant's evidence undisputed where Plaintiff controverted it only with inadmissible evidence.

To the extent the "Declaration" reads as a continuation of Plaintiff's responsive Statement of Facts, the Court will not consider it in that context either. As stated *supra*, Plaintiff exceeded the page limit in her Statement of Facts by four pages—a violation that would already provide a basis for the Court to ignore the Statement of Facts in its entirety—and the Court will not consider the additional four pages of the "Declaration" as an additional Statement of Facts, nor did Plaintiff so request. In sum, the Court will disregard the "Declaration" in its entirety.

Defendant next requests that the Court strike "Exhibit B" (Mot. at 4–5), which appears from the Statement of Facts to be an "investigation of call out" (PSOF at 12 ¶ 9), although as mentioned *supra*, Plaintiff failed to label any of the Exhibits. Similar to Plaintiff's "Declaration," Defendant's basis for moving to strike this exhibit is that it contains unsworn testimony that lacks any foundation or reliability. The Court agrees.

Again, Plaintiff had the opportunity to cure the defects in this purported evidence by responding to Defendant's present motion, but Plaintiff failed to respond. Accordingly, the Court will also disregard "Exhibit B."

For these reasons, the Court will sustain Defendant's objections and grant Defendant's Motion to Strike. As Defendant points out, in addition to disregarding the "Declaration" and "Exhibit B," the Court must also disregard Plaintiff's Statements of Fact that rely on those exhibits, namely, paragraphs 1 through 29 (with the exception of references to other exhibits), and must disregard Plaintiff's responses to Defendant's Statement of Facts, paragraphs 12, 15, 16, 35, 39, 45, 52, 53, 61–63, 65, 66, 70, and 71.

## II.     MOTION FOR SUMMARY JUDGMENT

### A.     Background

Plaintiff, a "Black female over the age of 40," has been employed as a dispatcher by Defendant since 2006. (Doc. 24, Second Am. Compl. (SAC) ¶ 2.) In her EEOC charge and in the SAC, she alleges that Defendant discriminated against her when, between May and June 2020, Defendant denied her a promotion based on her age and race.[2] (Doc. 5-1; SAC ¶¶ 35–41.) She also alleges that, after returning to work from leave under the Family Medical Leave Act (FMLA), she "suffered adverse employment actions" and retaliation. (SAC ¶¶ 98–99.)

Plaintiff raises three counts against Defendant, under: (1) the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA); (2) Title VII of the Civil Rights Act of 1964, and (3) the FMLA, 29 U.S.C. § 2601 *et seq.* (SAC ¶ 5.) Defendant now moves for summary judgment.

### B.     Legal Standard

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the

---

[2] In its previous Orders, the Court limited the basis of Plaintiff's age and race discrimination claims to that identified in her EEOC charge. (Docs. 11, 23.)

- 4 -

outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When the moving party does not bear the ultimate burden of proof, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party carries this initial burden of production, the nonmoving party must produce evidence to support its claim or defense. *Id.* at 1103. Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

### C.  Analysis

#### 1.  ADEA and Title VII Claims

Plaintiff's age and race discrimination claims are based on her allegations that, in early 2020, Defendant posted an opening for Police Communications Supervisor, that Plaintiff "was more than qualified for this position" and "submitted all required documents," but that a supervisor named Court Hood informed her that he did not receive the required documents and Plaintiff was thus disqualified from consideration for the promotion. (SAC ¶¶ 35–41.) Plaintiff contends that Defendant's decision not to promote her was an act of discrimination based on her age and race.

A plaintiff may present either direct or circumstantial evidence to prove an employment discrimination claim. Direct evidence is "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 640 (9th Cir. 2006). If the plaintiff fails to produce direct evidence, the Court may evaluate circumstantial evidence using the burden-shifting framework that the Supreme Court established in *McDonnell Douglas Corp. v. Green*. 433 U.S. 792, 802–805 (1973). Under that framework, first the plaintiff must establish a *prima facie* claim of unlawful discrimination by showing that (1) she belongs to a protected class, (2) she was qualified for the position she held or sought, (3) she was subjected to an adverse employment action, and (4) similarly situated individuals outside her protected class were treated more favorably. *Id.* at 802. The burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Id*. Finally, the burden shifts back to the plaintiff to show that the defendant's proffered reason was pretext. *Id.* at 804.

Beginning with the age discrimination claim, the ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This protection applies to individuals who are at least 40 years old. *Id.* § 631(a). To establish a *prima facie* claim of age discrimination

based on a failure to promote, Plaintiff must produce sufficient facts to show (1) she was at least 40 years old; (2) she was qualified for a position for which she submitted an application; (3) she was denied the position; and (4) the employer filled the position with a substantially younger person. *Shelley v. Green*, 666 F.3d 599, 608 (9th Cir. 2012); *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Although the evidence necessary at summary judgment to establish a *prima facie* discrimination claim is "minimal," *Dominguez-Curry*, 424 F.3d at 1037, Plaintiff does not meet that standard. To begin with, Plaintiff does not produce evidence that she properly submitted an application for the job she sought. Defendant proffers evidence that the Department's Transfer Opportunities Bulletin expressly stated that "[i]nterested applicants must submit a Transfer Request, a resume, and copies of their last two [performance evaluations] to Mr. Court Hood no later than 5 p.m., Sunday, May 31, 2020" as well as apply through Defendant's hiring portal, eChris. (Doc. 40, Def.'s Statement of Facts (DSOF) ¶ 38, Ex. B ¶¶ 11, 12.) Plaintiff applied for the position via eChris but admits she did not submit the required materials to Mr. Hood. (DSOF ¶¶ 40–42.)

Plaintiff now argues Mr. Hood could have accepted an incomplete application (Resp. at 2), but she fails to demonstrate with any evidence whatsoever that Mr. Hood had the discretion to accept an incomplete application, that he accepted incomplete applications from other applicants, or that Defendant used some sort of "tap on the shoulder" process in promoting employees, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 371 (2011) (Ginsburg, J., concurring in part and dissenting in part). In short, Plaintiff has produced no evidence to controvert Defendant's evidence that she did not properly submit an application for the job she sought.

Even if Plaintiff offered evidence that she properly applied for the job, she has produced no admissible evidence that Defendant filled the position with someone substantially younger than her, as required in a failure-to-promote claim under the ADEA.[3]

---

[3] Plaintiff's Statement of Facts states, "Among the applicants for the 'promotion', all those chosen were younger than Plaintiff." (PSOF at 14 ¶ 24.) In an attempt to provide evidentiary support, that statement refers to the unsigned, unsworn "Declaration," which simply repeats the same thing without evidentiary support. As the Court stated *supra*, the

Because Plaintiff has not established a *prima facie* age discrimination claim, Defendant is entitled to summary judgment on that claim.

As for Plaintiff's race discrimination claim, Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . race[.]" 42 § U.S.C. 2000e-2(a)(1). "[A]n unlawful employment practice is established when the complaining party demonstrates that . . . race . . . was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 § U.S.C. 2000e-2(m)

For the reasons discussed with respect to Plaintiff's age discrimination claim, the race discrimination claim also fails. Plaintiff cannot show Defendant took an adverse employment action by not promoting her to a position she has no evidence she properly applied for and no evidence that others who did not properly apply were hired for. Likewise, Plaintiff has produced no admissible evidence that Defendant filled the position with someone outside her protected class because she has produced no evidence regarding who Defendant hired. Because Plaintiff has not established a *prima facie* claim of race discrimination under Title VII, Defendant is entitled to summary judgment on that claim.

### 2. FMLA claim

Plaintiff's last claim is based on her allegations that Defendant discriminated and retaliated against her for taking FMLA leave. The FMLA provides that it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2); *see also Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001) (distinguishing between FMLA discrimination and retaliation claims on one hand and FMLA interference claims on the other). The *McDonnell Douglas* burden-shifting framework can also be applied to claims of FMLA discrimination. *See Newell v. Ariz. Bd. of Regents*, 2020 WL

---

Court must disregard the inadmissible "Declaration," and no actual evidence in the record supports the conclusion that Defendant filled the position Plaintiff applied for with someone substantially younger.

1694735, at *9 (D. Ariz. Apr. 7, 2020). As with her age and race discrimination claims, Plaintiff fails to point to admissible evidence sufficient to establish a *prima facie* case of FMLA discrimination or retaliation.

While Plaintiff argues Defendant discriminated against her for using FMLA leave, the only adverse employment action she identifies with any specificity is the alleged failure to promote her in early 2020. As discussed *supra*, Plaintiff's claim that Defendant failed to promote her, this time on account of her use of FMLA leave, fails for a lack of any admissible evidence that Plaintiff properly applied for the promotion or that the person Defendant hired was outside Plaintiff's protected class. In her Response, Plaintiff states that "her use of FMLA [leave] . . . resulted in various adverse employment actions" (Resp. at 4–5), but she fails to identify any others, let alone point to admissible evidence to substantiate them.[4]

Plaintiff also argues that Defendant retaliated against her for reporting that, for a brief time, employees had access to a "call out list," which showed what employees called out from work and for what reason (including FMLA), and the alleged publication of which Plaintiff alleges violated employees' privacy rights. (Resp. at 2.) The call out list was created for supervisors' eyes only, but Plaintiff claims she discovered she could access it on August 23, 2019, and she verbally reported the apparent breach to a department commander. Information Technology (IT) employees resolved the issue within hours. Even if the short-lived employee access to information including employees' use of FMLA leave constituted an unlawful practice on the part of Defendant—which Plaintiff does not demonstrate—she does not proffer any evidence whatsoever that she suffered an adverse employment action on the part of Defendant in retaliation for reporting that employees could access the call out list. For the final time, she has failed to proffer admissible evidence

---

[4] In the SAC, Plaintiff also broadly contends that Defendant discouraged employees from using FMLA leave and told employees returning from FMLA leave to "disregard their doctors' orders and remain at work." (SAC ¶ 99.) But Plaintiff does not raise an FMLA interference claim; she only claims discrimination and retaliation. Moreover, she offers no evidence that Defendant denied her FMLA leave, discouraged her from using FMLA leave, or told her that she should disregard her doctors' orders and remain at work. (*See* DSOF ¶¶ 3–10.)

that Defendant denied her a promotion she properly applied for in 2020 or who Defendant hired instead.

For these reasons, Defendant is entitled to summary judgment on Plaintiff's claim of FMLA discrimination and retaliation. Because Plaintiff failed to provide evidence establishing a *prima facie* claim of discrimination under any of her alleged theories, the Court declines to consider Defendant's numerous other arguments in support of its motion for summary judgment.

**IT IS THEREFORE ORDERED** sustaining Defendant's Objections and granting Defendant's Motion to Strike Plaintiff's Statement of Facts and Exhibits Filed in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 49).

**IT IS FURTHER ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 39).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Defendant City of Phoenix and close this case.

Dated this 21st day of June, 2024.

Honorable John J. Tuchi
United States District Judge